IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DARRON DEWAYNE GRIGSBY #710040 | § | |
| v. | § | CIVIL ACTION NO. 6:09cv12 |
| DR. KEN KUYKENDALL, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Darron Grigsby, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Grigsby complained of deliberate indifference to his serious medical needs. The Magistrate Judge conducted an evidentiary hearing on July 1, 2009, to permit Grigsby to provide sworn testimony concerning his claims. The Magistrate Judge also received certified, authenticated copies of prison records, including Grigsby's medical records; however, these records were only considered insofar as they did not factually contradict Grigsby's pleadings and testimony, which pleadings and testimony were taken as true.

After review of the pleadings, testimony, and records, the Magistrate Judge issued a Report on August 10, 2009, recommending that the lawsuit be dismissed as frivolous. The Magistrate Judge determined that Grigsby did not show that the prison officials had been deliberately indifferent to

his serious medical needs, as that term has been defined and applied by the Fifth Circuit Court of Appeals. Grigsby filed objections to the Magistrate Judge's Report on September 18, 2009.

In his objections, Grigsby says that for two and a half years, he has been "delayed and constantly denied to see a specialist for stomach problems and symptoms that are shown and proven to be beyond the defendant's resources and equipment to cure them." He cites a Fifth Circuit case called Payne v. Lynaugh, 843 F.2d 177 (5th Cir. 1988) to say that if a prisoner requires care that is not available in the prison, the failure to obtain it elsewhere may be deliberately indifferent.

Grigsby says that deliberate indifference may be shown by "repeated examples of negligent acts which disclose a pattern of conduct," or by "gross deficiencies in staffing, facilities, equipment, or procedures." He says that the fact that he has waited for two and a half years to see a specialist is just such a negligent pattern of conduct, and the loss of his referrals from the computer shows gross deficiencies in the referral procedures. He concedes that he saw a specialist, by video, on May 20, 2008, but says that other referrals have been delayed or lost.

Grigsby says that the statement by Dr. Ken Kuykendall that he, the doctor, examined Grigsby for a "ventral hernia" is false, because his condition has always been an epigastric one.[1] He also complains that Dr. Kuykendall refused to treat him for his testicular problem, which also shows deliberate indifference; he states that Dr. Kuykendall told him that an ultrasound test on his testicles was negative, but that three months later, Dr. Orig told him that the ultrasound showed a progressive build-up of microlithiasis in both testicles and that he had an epididymitis in his right testicle. Grigsby denies receiving tests for microlithiasis, but only a "simple blood test," and that his condition is a growing problem which requires treatment, not merely monitoring. He notes that the nurse at the evidentiary hearing testified that according to his medical records, no biopsy had been done, and says that biopsies done in specialized facilities are more accurate than blood tests done at

---

[1] A ventral hernia occurs when part of the contents of the abdominal cavity, most often a piece of the intestine, protrudes through the cavity and into the abdominal wall. This can result in pain, nausea, vomiting, or inability to pass stool. *See* http://www.ecureme.com/emyhealth/data/Ventral_Hernia.asp.

the prison. Finally, Grigsby points out various alleged errors in the Magistrate Judge's Report, which alleged errors consist of Grigsby's disagreement with entries in his medical records.

As the Magistrate Judge's Report and the objections filed by Grigsby make clear, Grigsby has received a significant quantum of medical care - as the Magistrate Judge said, Grigsby "has been repeatedly examined by medical personnel, numerous tests have been run, he has been referred to the hospital in Galveston for examination, and orders have been made to ensure that his condition is monitored regularly." Grigsby's objections make clear that he believes that he should be seen by a specialist, but the Fifth Circuit has held that the fact that the medical care provided is "not the best that money can buy" does not automatically show deliberate indifference. Mayweather v. Foti, 958 F.2d 91, 91 (5th Cir. 1992).

In Payne v. Lynaugh, cited by Grigsby, the plaintiff alleged that Texas prison officials refused to follow recommended treatment by medical professionals. Specifically, he stated that he had emphysema and that the unit physician recommended that he be placed in a facility with full medical and surgical resources, but that this was not done; instead, he was transported to the hospital several times on a bus without oxygen equipment.

Here, Grigsby has failed to show that prison officials refused to follow treatment recommended by the unit physician, or by any other medical personnel. Instead, he complains that the treatment which he has received simply has not been as effective as he would have liked. The Fifth Circuit has made clear that this is not sufficient to show that he has been the victim of deliberate indifference to his serious medical needs. *See* Stewart v. Murphy, 174 F.3d 530, 534-38 (5th Cir. 1999). Grigsby's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings, testimony, and records in this case, including the Plaintiff's complaint and other pleadings, the testimony at the evidentiary hearing, the records and documents offered at that hearing and those furnished by the Plaintiff, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents,

and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted.  It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.  Finally, it is

ORDERED that the Clerk shall provide a copy of this Memorandum Opinion to the Administrator of the Strike List for the Eastern District of Texas.

**So ORDERED and SIGNED this 23rd day of September, 2009.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**